AO 243 (Rev. 01/15) Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Northern District of Texas (Dallas) |
|---|---|---|

| Name (under which you were convicted): Jason Davon Laurenson | Docket or Case No.: 3:18-cr-00006-D-38 |
|---|---|

| Place of Confinement: FCI El Reno, P.O. Box 1500, El Reno, OK 73036 | Prisoner No.: 57119-177 |
|---|---|

| UNITED STATES OF AMERICA | Movant (include name under which convicted) |
|---|---|
| v. | JASON DAVON LAURENSON |

**U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS FILED MAR - 1 2022 CLERK, U.S. DISTRICT COURT By_____ Deputy**

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court
   Southern District of Texas
   Dallas Division

   (b) Criminal docket or case number (if you know): 3:18-cr-00006-D-38

2. (a) Date of the judgment of conviction (if you know): 3/15/2019

   (b) Date of sentencing: 3/15/2019

3. Length of sentence: 215 months

4. Nature of crime (all counts):

   Ct 2sss: Conspiracy to Possess with Intent to Distribute a 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and 18 U.S.C § 2.
   Ct 36sss charged Laurenson with Possession with Intent to Distribute Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2.

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☑   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   Guilty on Count 36sss of the Third Superseding Indictment.

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?   Yes ☑   No ☐

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the Fifth Circuit
   (b) Docket or case number (if you know): No. 19-10331
   (c) Result: Dismissed
   (d) Date of result (if you know): 11/14/2019
   (e) Citation to the case (if you know): USA v. Jason Laurenson, No. 19-10331 (5th Cir. 2019)
   (f) Grounds raised:
   Court appointed appellate counsel filed an Anders Brief.

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☑
       If "Yes," answer the following:
       (1) Docket or case number (if you know): _____
       (2) Result: _____
       (3) Date of result (if you know): _____
       (4) Citation to the case (if you know): _____
       (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____
        (4) Nature of the proceeding: _____
        (5) Grounds raised: _____

  (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

    Yes ☐  No ☐

  (7) Result: _____

  (8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

  (1) Name of court: _____

  (2) Docket of case number (if you know): _____

  (3) Date of filing (if you know): _____

  (4) Nature of the proceeding: _____

  (5) Grounds raised:

  (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

    Yes ☐  No ☐

  (7) Result: _____

  (8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

  (1) First petition:  Yes ☐  No ☐

  (2) Second petition:  Yes ☐  No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**    Ineffective Assistance of Pretrial Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Pretrial Counsel Failed to:
(1) Conduct an adequate and independent pretrial investigation; and
(2) Attempt to negotiate a favorable Plea Agreement deprived Laurenson of effective assistance of pretrial counsel under the Sixth Amendment of the Constitution of the United States.

Please see Memorandum of Law in Support.

(b) **Direct Appeal of Ground One:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☒
    (2) If you did not raise this issue in your direct appeal, explain why:
    Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☒
    (2) If you answer to Question (c)(1) is "Yes," state:
    Type of motion or petition:    N/A
    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):
    Date of the court's decision:
    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐    No ☐
    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☐
    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**   Ineffective Assistance of Sentencing Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Sentencing Counsel Failed to:
(1) Properly argue objections to the PSR; and
(2) Argue for mitigation of punishment and object to Laurenson's sentence being substantively unreasonable deprived Laurenson of effective assistance of sentencing counsel under the Sixth Amendment, a fair and just sentence.

Please see Memorandum of Law in Support.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐    No ☐

   (2) If you did not raise this issue in your direct appeal, explain why:

 

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐    No ☐

   (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes ☐    No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐    No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

(b) **Direct Appeal of Ground Four:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐   No ☐
  (2) If you did not raise this issue in your direct appeal, explain why:

_____

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐   No ☐

  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: _____
  Name and location of the court where the motion or petition was filed:

  _____

  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available):

  _____

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

    (a) At the preliminary hearing:
    Hugo Aguilar, Law Office of Hugo Aguilar PC, 1111 West Mockingbird Lane, Suite 1357, Dallas, TX 75247

    (b) At the arraignment and plea:
    Hugo Aguilar, Law Office of Hugo Aguilar PC, 1111 West Mockingbird Lane, Suite 1357, Dallas, TX 75247

    (c) At the trial:
    N/A

    (d) At sentencing:
    Hugo Aguilar, Law Office of Hugo Aguilar PC, 1111 West Mockingbird Lane, Suite 1357, Dallas, TX 75247

    (e) On appeal:
    Robert R. Bell, Bailey & Glasser LLP, P.O. Box 1089, Hewitt, TX 76643

    (f) In any post-conviction proceeding:
    N/A

    (g) On appeal from any ruling against you in a post-conviction proceeding:
    N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
    N/A

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: N/A

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

    Evidence that would prove that Laurenson should not be held accountable for 3.8 kilograms of because he was incarcerated during the period in question was recently procured. See Exhibit 1.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
    (1)  the date on which the judgment of conviction became final;
    (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 13

Therefore, Laurenson respectfully requests that the Court grant the following relief:

    Vacate his conviction and sentence to start anew; alternatively, grant an Evidentiary hearing to further prove his grounds set forth above, resolve facts in dispute, expand an incomplete record or any other relief to which this Court deems that he may be entitled.

    Respectfully submitted,

JASON DAVON LAURENSON
REG. NO. 57119-177
FCI EL RENO
FEDERAL CORR. INSTITUTION
P.O. BOX 1500
EL RENO, OK  73036
Appearing *Pro Se*

### DECLARATION OF JASON DAVON LAURENSON

    I, Jason Davon Laurenson, declarant herein, declare and attest to the facts in the above and foregoing Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to be true and correct to the best of my knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746. I placed this § 2255 Motion in the prison mailbox on the date below invoking the prison mailbox rule. See *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Dated: February 24, 2022

JASON DAVON LAURENSON

JASON DAVON LAURENSON<br>
REG. NO. 57119-177<br>
FCI EL RENO<br>
FEDERAL CORR. INSTITUTION<br>
P.O. BOX 1500<br>
EL RENO, OK 73036<br>
February 24, 2022

Ms. Karen Mitchell
Clerk of Court
U.S. District Court
Northern District of Texas
Dallas Division
1100 Commerce Street, Room 1452
Dallas, TX 75242

RECEIVED
MAR - 1 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

  RE: *Laurenson v. United States*
    Civil No. 3:22-cv-_____
    Crim No. 3: 18-cr-00006-D-38

Dear Ms. Mitchell:

 Enclosed please find and accept for filing Movant's Motion under 28 U. S. C. § 2255 to Vacate, Set-Aside, or Correct Sentence and a Memorandum of Law in Support thereof. Please submit these documents to the Court.

 Thank you for your assistance in this matter.

           Sincerely,

           JASON DAVON LAURENSON
           Appearing *Pro Se*

*Encl. as noted*

Jason Lawrenson #57119177
Federal Correctional Institution
P.O. Box 1500
El Reno, Oklahoma 73036

(Legal Mail)

MAR 1 2022

⇔57119-177⇔
Ms Karen Mitchell
Clerk Of Court
1100 Commerce St. Room 1452
Dallas, TX 75242
United States