IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON DAVON LAURENSON, #57119-177, MOVANT, | § § § § | |
| v. | § § § | CIVIL NO. 3:22-CV-493-D-BK (CRIMINAL NO. 3:18-CR-06-D-38) |
| UNITED STATES OF AMERICA, RESPONDENT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Jason Davon Laurenson's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the § 2255 motion should be **DISMISSED WITH PREJUDICE** as time barred.[1]

**I.   BACKGROUND**

On April 11, 2018, Laurenson pled guilty to possession of a controlled substance and on March 15, 2019, was sentenced to prison for 215 months and 22 days. Crim. Doc. 1210. He filed a direct appeal that was dismissed as frivolous on November 14, 2019. Crim. Doc. 1630. On March 1, 2022, Laurenson filed the instant § 2255 motion with a brief in support, alleging ineffective assistance of counsel (IAC). Doc. 2; Doc. 3. Because his § 2255 motion appeared

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

untimely, the Court directed him to respond regarding the application of the one-year limitations period, which he has now done. Doc. 4; Doc. 5. After a review of the relevant pleadings and law, the Court concludes that Laurenson's § 2255 motion is barred by the applicable limitations period and should be dismissed.

## II.  ANALYSIS

### A.  One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Laurenson does not allege any facts that could trigger a starting date under § 2255(f)(2)-(3). So his one-year limitations period began to run from the later of either (1) "the date on which the judgment becomes final" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). The Supreme Court has held that a judgment becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003).

#### 1.  Section 2255(f)(1)

Laurenson did not file a petition for a writ of certiorari after his direct appeal was dismissed on November 14, 2019. Crim. Doc. 1630. Thus, his judgment of conviction became final on February 12, 2020, when the 90-day period to file a certiorari petition expired. *See Clay*, 537 U.S. at 527. Laurenson's § 2255 motion was due by February 12, 2021 but was not filed until March 1, 2022—deemed filed at the earliest on February 24, 2022.[2] Consequently,

---

[2] The § 2255 motion is deemed filed on February 24, 2022, the date on which Laurenson signed it and certified placing it in the prison mailing system. Doc. 2 at 12. *See* Rule 3(d) of the RULES

Laurenson's § 2255 motion is clearly outside the one-year limitations period.

### 2. Section 2255(f)(4)

To excuse his delay, Laurenson relies on evidence that he maintains "was recently procured." Doc. 2 at 10. Specifically, he presents copies of his state judgments of convictions in Case Numbers F17151248 and F1618175 to "prove that [he] should not be held accountable for 3.8 kilograms of" drugs because he was incarcerated for a portion of the period between October 2015 and June 2017. Doc. 2 at 10; Doc. 3 at 16-17; *see also* Doc. 3 at 29-30 (copies of state judgments). Laurenson asserts his trial counsel was ineffective for failing to adequately investigate his prior periods of incarceration and present the judgments at the sentencing hearing. Doc. 3 at 16-18.

However, insofar as Laurenson relies on 28 U.S.C. § 2255(f)(4) to trigger a later starting date of the one-year limitations period, he fails to make the requisite showing. Under § 2255(f)(4), the one-year period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." It is well established that this "means the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *Osborne v. Hall*, 934 F.3d 428, 432 (5th Cir. 2019) (quotations and quoted case omitted) (analyzing similar provision in 28 U.S.C. § 2244(d)(1)(D)). Moreover, for § 2255(f)(4) to apply:

> "a petitioner's diligence must merely be 'due' or 'reasonable' under the circumstances." As the Supreme Court has explained, "diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize" that he should act. In applying § 2255(f)(4), "[t]he important thing is to identify a particular time when ... diligence is in order."

---

GOVERNING SECTION 2255 PROCEEDINGS (applying the "mailbox rule" to inmates who use jail/prison's mail system).

*United States v. Rodriguez*, 858 F.3d 960, 962 (5th Cir. 2017), *as revised* (June 14, 2017) (citations omitted).

Here, the factual predicate for Laurenson's IAC claims—his prior custody periods—was available to him before his sentencing. Laurenson concedes as much. In his brief in support, he admits mentioning his prior detention periods "during the meeting with the Probation Officer." Doc. 3 at 17. The Presentence Report ("PSR") also reflects that Laurenson was "not held accountable for methamphetamine he obtained during periods he was in custody." Crim. Doc. 764-1 at 11, PSR ¶ 26. The PSR details in relevant part:

> Specifically, Laurenson stated he purchased methamphetamine for $200 per ounce, and would regularly purchase methamphetamine in 4-ounce quantities. Laurenson estimated he had purchased 4 ounces of methamphetamine, per week, for the past year. It is noted that Laurenson was released from TDCJ-ID on October 5, 2015, and was incarcerated for state offenses on the following days: July 21 through July 22, 2016 (1 day); July 26 through August 15, 201[6] (20 days); November 1 through November 5, 2016 (5 days); and January 10 through April 28, 2017 (108 days), totaling 134 days in custody. Laurenson estimated he had received 4 ounces of methamphetamine from Wilbur for approximately 1 year, or 365 days. As such, Laurenson is held accountable for *132 ounces, or 3,742.2 grams, of methamphetamine* (365 days minus 134 days, results in 231 days or 33 weeks, which is multiplied by 4 ounces per week.

*Id.* (emphasis in original).

Moreover, the Addendum to the PSR rejected Defense counsel's objection that Laurenson should be held accountable for a lower drug amount because Wilber (the supply source) was incarcerated in TDCJ until October 2016 and again in May 2017. Crim. Doc. 1198-1 at 1 (*Addendum*); Crim. Doc. 929 at 1-2 (*Defendant's Objections*). The Addendum found that no evidence was provided to substantiate Wilbur's incarceration and, in any event, Laurenson had stipulated in his Factual Resume to purchasing approximately 3.8 kilograms of methamphetamine from Wilbur." Crim. Doc. 1198-1 at 1. Furthermore, at sentencing, the Court found the drug quantity calculation in the PSR and Addendum was supported by a

preponderance of the evidence. Crim. Doc. 1365 at 4-5.

Again, even assuming Laurenson did not have access to his state judgments until "recently," the limitations period is not based on when he first received them. Rather § 2255(f)(4) focuses on the facts supporting his claim—Laurenson's prior periods of custody—not the discovery of the legal theory or the legal significance of the facts supporting his claim. *See Osborne*, 934 F.3d at 432 (commencing one-year clock under § 2244(d)(1)(D) on "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim[]"); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (rejecting prisoner's assertion under § 2244(d)(1)(D) that the one-year period begins when he "actually understands what legal theories are available"). *See also Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) (noting § 2244(d)(1)(D) does not "convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim").

On this record, the Court concludes that the "facts supporting the claim or claims presented" could have been discovered—with due diligence—when Laurenson was sentenced or at least by the time his conviction became final. Laurenson's contention that the one-year statute of limitations did not begin until later, when he eventually procured copies of his state judgments, is without merit. Accordingly, § 2255(f)(4) does not delay the running of the limitations period here.

**B. There is No Basis for Equitable Tolling**

A movant is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations and quoted case

omitted)).  Here, Laurenson posits no facts from which the Court can find that equitable tolling applies.  Doc. 5 at 2.  Moreover, in his § 2255 motion and brief in support, he only mentions the alleged newly discovered evidence.  Doc. 2 at 10 (mentioning the "recently procured" state judgments of conviction); Doc. 3 at 16 (same).  Further, Laurenson waited over two years after his conviction became final to file this § 2255 motion.  As such he did not pursue his rights with "reasonable diligence."  *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted).  The courts have "repeatedly emphasized that equitable tolling is not available to 'those who sleep on their rights.'"  *Wickware v. Thaler*, 404 F. App'x 856, 861 (5th Cir. 2010) (per curiam) (quoted case omitted).  Indeed unexplained delays do not evince due diligence or rare and extraordinary circumstances.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Therefore, to the extent Laurenson relies on equitable tolling, he has not carried his burden of establishing that equitable tolling is warranted in this case.  *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008).

### III. CONCLUSION

For the foregoing reasons, Laurenson's motion to vacate sentence under 28 U.S.C. § 2255 should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2255(f); Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on August 4, 2022.

*[signature]*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).